## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UQBASILASSIE K. ZERIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-0212-GKF-CDL |
| | ) | |
| STEVEN HARPE,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Uqbasilassie Zerie, appearing *pro se*,[2] petitions for a writ of habeas corpus, under

28 U.S.C. § 2254.  He claims the criminal judgment entered against him in the District Court of

Tulsa County, Case No. CF-2013-4539, was obtained in violation of the Constitution because

(1) he is "actually innocent," (2) he did not knowingly, intelligently, and voluntarily plead guilty

in open court, and (3) plea counsel provided constitutionally ineffective assistance.  Respondent

Steven Harpe moves to dismiss the petition, asserting that Zerie's claims are barred by 28 U.S.C.

§ 2244(d)(1)'s one-year statute of limitations.  Having considered the petition and supporting

exhibits (Dkts. 1, 5), the motion to dismiss and brief in support (Dkts. 14, 15), and the response in

opposition to the motion to dismiss (Dkt. 16), the Court finds and concludes that Zerie's claims

are untimely.  The Court therefore grants the motion to dismiss and dismisses the petition, with

prejudice, as barred by the one-year statute of limitations.  Based on the dismissal of the petition,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Steven Harpe, the current Director of the Oklahoma Department of Corrections, in place of Scott Crow, the ODOC's former director, as party respondent.  The Clerk of Court shall note on the record this substitution.

[2] Because Zerie appears without counsel, the Court liberally construes his filings without advocating on his behalf.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the Court dismisses as moot Zerie's motion for evidentiary hearing and appointment of counsel (Dkt. 18) and his motion for expeditious ruling (Dkt. 21).

## I.

Represented by counsel, Zerie pleaded guilty, on January 6, 2014,[3] as to three counts of first-degree rape involving two different victims who were incapable of giving consent. Dkt. 151, at 4; Dkt. 15-2, at 4-5; Dkt. 15-3. Pursuant to a negotiated plea agreement, the trial court sentenced Zerie to ten years' imprisonment as to each conviction and ordered the sentences to be served concurrently. Dkt. 15-2, at 3; Dkt. 15-3. Zerie did not move to withdraw his plea within ten days of sentencing, a precondition to seeking direct review by filing a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA). Dkt. 1, at 2; *see Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea within 10 days of sentencing if defendant intends to appeal).

Zerie filed an application for postconviction relief on March 10, 2015, the state district court denied the application on September 1, 2015, and the OCCA declined to exercise jurisdiction over Zerie's untimely postconviction appeal. Dkt. 1, at 3, 21; Dkts. 15-5, 15-6, 15-7, 15-9. Zerie filed at least two other applications for postconviction relief, in 2016 and 2017, and filed a motion for DNA testing in 2016, all of which were denied. Dkt. 1, at 3-5; Dkt. 15-1, at 10-13.

---

[3] Zerie contends that he was convicted and sentenced either on January 14, 2014, or January 16, 2014. Dkt. 1, at 1; Dkt. 16, at 1. But the record of state-court proceedings confirms Harpe's assertion that Zerie was convicted and sentenced on January 6, 2014. Dkt. 15-1, at 4; Dkt. 15-2, at 5; Dkt. 15-3.

Zerie filed the instant federal habeas petition on May 9, 2022.  Dkt. 1, at 1, 20.[4]

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), state prisoners have one year from the latest of four triggering events to file a federal habeas petition.  28 U.S.C. § 2244(d)(1)(A)-(D).  For most prisoners, the one-year limitation period is triggered by "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).  The one-year limitation period is tolled during the time that "a properly filed application for State post-conviction relief or other collateral review with respect to the judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  But this statutory tolling provision applies only if the prisoner files the application for postconviction relief or other collateral review before the one-year limitation period expires.  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Because Zerie did not move to withdraw his guilty plea or file a certiorari appeal in the OCCA, Zerie's judgment became final, for purposes of § 2244(d)(1)(A), on January 16, 2014, ten days after his sentencing.  *Gonzalez*, 565 U.S. at 150; *Clayton*, 700 F.3d at 441; *see also Scott v. State*, 734 P.2d 326, 328 (Okla. Crim. App. 1987) (concluding that appellant's convictions pursuant to guilty pleas became final within ten days of sentencing because he neither "withdrew

---

[4] The Clerk of Court received the petition on May 11, 2022.  Dkt. 1, at 1.  But Zerie declares, under penalty of perjury, that he placed the petition in his institution's legal mail system on May 9, 2022.  *Id.* at 20.  The Court thus deems the petition filed on May 9, 2022.  *See* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* (describing date inmate filings are considered filed).

his pleas or timely appealed the convictions").[5]  Zerie's one-year limitation period began to run

the next day, January 17, 2014, and, absent any tolling events, expired on January 20, 2015. *See*

*Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (noting that one-year limitation period

begins to run the day after the judgment and sentence is final); *United States v. Hurst*, 322 F3d

1256, 1260 (10th Cir. 2003) (discussing calculation of one-year limitation period).[6]  And, while

Zerie filed several applications for postconviction relief or other collateral review in state court,

he did not file the first application until March 10, 2015, two months after his one-year limitation

period expired.  Thus, his efforts to seek postconviction relief or other collateral review did not

toll the limitation period under § 2244(d)(2).  As a result, Zerie filed the instant petition more than

seven years after his one-year limitation period expired.

　　Zerie, however, argues that the petition should not be dismissed as barred by the statute of

limitations because he is actually innocent.  Dkt. 1, at 6-7, 18-19; Dkt. 16, at 3-5.[7]  A credible

claim of actual innocence can open the door to permit federal habeas review of claims that would

ordinarily be barred by the statute of limitations.  *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392

(2013).  But "tenable actual-innocence" claims "are rare:  '[A] petitioner does not meet the

---

[5] The Court agrees with Harpe that Zerie does not allege any facts suggesting that any events other than the finality of his judgment triggered the one-year limitation period.  Dkt. 15, at 5 n.4; *see* Dkts. 1, 16.

[6] The final day of the one-year limitation period, January 17, 2015, was a Saturday and the following Monday was a legal holiday.  Zerie thus had until Tuesday, January 20, 2015, to file a timely federal habeas petition.  Fed. R. Civ. P. 6(a)(1)(C).

[7] Zerie also appears to argue that the Suspension Clause, U.S. Const., art. I, § 9, cl. 2, permits him to "surmount" the statute of limitations.  Dkt. 1, at 19.  To the extent Zerie argues that applying § 2244(d)(1)'s statute of limitations to bar his claims would violate the Suspension Clause, that argument lacks merit.  *See Long v. Miller*, 541 F. App'x 800, 802 (10th Cir. 2013) (gathering cases and stating, "the claim that AEDPA's limitations period violates the Suspension Clause has been squarely rejected by this court").

threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id.* (quoting *Schlup v. Delo*, 513 U.S.298, 329 (1995)).  Zerie's claim of actual innocence is not credible.  As he did when he entered his guilty plea, Zerie admits in this proceeding that he had sexual intercourse with both victims.  Dkt. 1, at 6-7, 18-19; Dkt. 15-2, at 4.  However, in contrast to the statement he made in the written plea agreement that both victims were "mentally incapable of comprehending said act, and thereby legally incapable of giving consent thereto," Dkt. 15-2, at 4, Zerie now contends that no reasonable juror would have convicted him because both victims were, in fact, capable of giving consent, Dkt. 1, at 6-7, 18-19.  On the record presented, the Court is not persuaded that had Zerie gone to trial rather than admitting guilt, no reasonable juror would have voted to find him guilty beyond a reasonable doubt.  The Court thus declines to apply *Perkins*' equitable exception to permit review of Zerie's untimely claims.

### III.

Based on the foregoing analysis, the Court concludes that all claims asserted in the petition for writ of habeas corpus are barred by the one-year statute of limitations.  The Court therefore grants Harpe's motion to dismiss, dismisses with prejudice Zerie's petition for writ of habeas corpus, and dismisses as moot Zerie's motion for evidentiary hearing and appointment of counsel and his motion for expeditious ruling.  Further, because reasonable jurists would not debate the procedural dismissal of the petition on the record presented, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Steven Harpe in place of Scott Crow as party respondent.

2. The motion to dismiss (Dkt. 14) is **granted**.

3. The petition for writ of habeas corpus (Dkt. 1) is **dismissed with prejudice** as barred by the one-year statute of limitations.

4. The motion for evidentiary hearing and appointment of counsel (Dkt. 18) and the motion for expeditious ruling (Dkt. 21) are **dismissed as moot**.

5. A certificate of appealability is **denied**.

6. A separate judgment shall be entered in this matter.

**DATED** this 26th day of January 2023.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE